# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arlin Monrroy-Salazar, | No. CV-26-02502-PHX-SHD (ASB) |
| Petitioner, | **ORDER** |
| v. | |
| Todd Blanche, et al., | |
| Respondents. | |

Petitioner filed this action challenging her immigration detention. (Doc. 1.) Petitioner entered the United States without inspection in 2007. In May 2025, Petitioner was arrested by immigration authorities and has not been provided a bond hearing. (*Id.*)

The Court issued an Order to Show Cause directing Respondents to address whether Petitioner was properly detained and to "show cause why the Petition should not be granted." (Doc. 4.) In response to the OSC, Respondents maintain their position that despite entering the United States nearly two decades ago, Petitioner is nonetheless subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. (Doc. 7 at 2-4.) Respondents do not otherwise attempt to justify Petitioner's detention or explain how she is justifiably detained without bond in these circumstances.

The Court finds that Petitioner is not "seeking admission" such that she is subject to detention under § 1225(b)(2)(A). *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). A district court in the Central District of California also recently certified a class that includes Petitioner. *Bautista v. Santacruz*,

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at \*1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Most recently, on February 18, 2026, the *Bautista* court granted the class members' Motion to Enforce Judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, --- F.Supp.3d ----, 2026 WL 468284, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. February 18, 2026).[1] And while the Court is aware the Ninth Circuit Court of Appeals stayed these orders, in part, pending resolution of the appeal challenging the district court's class certification order and final judgment, *see Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026), the stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

The Court's review of the Petition confirms Petitioner is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent view that Petitioner's detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed

---

[1] The Court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But that decision does not persuade the Court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

before Petitioner's detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing Petitioner a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 29th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge